UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMANDER GILL, A-206-468-361,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-00781-DC-EFB (HC)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

**A.  Factual Background**

Petitioner initiated this action on January 29, 2026, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  In his petition, he alleges that he is a noncitizen who is subject to an order of removal.  ECF No. 1 at 4-5.  He alleges that he is currently detained in a detention facility pending immigration removal proceedings, and has been detained since March 28, 2024.  *Id*. at 5.  He alleges that, during his detention, he has not been provided a bond hearing before a neutral decisionmaker at which his bond-worthiness is determined.  *Id*.  Petitioner asserts one claim for relief, that his due process rights are violated by his ongoing detention without an individualized hearing before a neutral decision-maker wherein he is determined to be either a flight risk or danger to the community.  *Id*. at 16.  He seeks a writ of habeas corpus, declaratory

1

judgment, and attorney's fees and costs. *Id*. at 17.

In their Answer to the petition, respondents do not dispute many of petitioner's factual allegations. Respondents contend, and support with documentary evidence, that petitioner is a national and citizen of India, who entered the United States in 2014. ECF No. 9 at 1-2, Exs. 1-2. After petitioner was initially detained, he was released on a cash bond. *Id*. Respondent represents that petitioner's application for admission was administratively closed on May 9, 2023. *Id*. at 2 (citing Exh. 1 at 3). In November 2023, petitioner was ordered to appear at an Immigration and Customs Enforcement (ICE) field office in January 2024 as a function of his bond. ECF No. 9 at 2, Ex. 2 at 7. He did not appear and his bond was breached on January 16, 2024. ECF No. 9 at 2, Ex. 2 at 8.

In the meantime, petitioner had been arrested for and convicted of violating California Penal Code § 245(a)(4), in the Fresno County Superior Court. ECF No. 9 at 2, Ex. 3 at 3. He was sentenced to a 365-day jail term and was released in March 2024. *Id*. at 2, Ex. 1 at 2-3, Ex. 3 at 3. Following his release, ICE arrested petitioner on March 25, 2024. *Id*. at 2, Ex. 1 at 2.

Respondents represent that they have been pursuing petitioner's removal since his arrest in March 2024. In those proceedings, petitioner, through counsel, has requested and been granted multiple continuances. ECF No. 9 at 2, Ex. 4. On October 28, 2025, an Immigration Judge held a hearing at which petitioner was represented by counsel and found petitioner inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, denied petitioner's applications for relief, and ordered petitioner removed to India. *Id*. at 2, Ex. 5 at 1-4. Petitioner has appealed the decision to the Board of Immigration Appeals, which has not yet resolved the appeal. *Id*. at 2, Ex. 5 at 5, 36.

In his Traverse, petitioner does not contest the factual representations made by respondents, including that an Immigration Judge issued a removal order on October 28, 2025, for which petitioner timely filed an appeal to the Board of Immigration Appeals. ECF No. 12 at 1-2.

////

////

////

**B.  Procedural Background**

Petitioner initiated this action in propria persona on January 29, 2026, with a motion to appoint counsel.  ECF Nos. 1-2.  On February 9, 2026, the undersigned granted petitioner's motion for the appointment of counsel; set a scheduling order for the Answer and Traverse; and ordered that respondents could not transport petitioner outside the judicial district pending further order of the court.  ECF No. 6.

On February 19, 2026, respondents filed an Answer to the petition, ECF No. 9, and petitioner filed a Traverse on March 11, 2026.  ECF No. 12.

<b>LEGAL STANDARD</b>

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

<b>DISCUSSION</b>

In his petition, petitioner raises a single claim for relief: that his ongoing detention without a bond hearing violates his due process rights under the Fifth Amendment.  ECF No. 1 at 7.   For the reasons explained below, the undersigned recommends the petition be granted.

To determine whether civil detention violates a detainee's Fifth Amendment procedural due process rights, courts apply the three-part test articulated in *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976).  Under *Mathews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.; see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) ("We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State, . . . the second examines

3

whether the procedures attendant upon that deprivation were constitutionally sufficient").

Generally, a noncitizen alien possesses a protected liberty interest in remaining free from detention, to which due process rights attach. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Even when a statute allows the government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute. *See id.* (Due Process requires pre-deprivation hearing before revocation of preparole); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (same, in parole context).

Respondents argue that, notwithstanding this general rule, the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq., provides for the mandatory detention of petitioner under 8 U.S.C. § 1226(c)(1)(A), such that petitioner has not been deprived of due process of law. ECF No. 9 at 1, 3-6. 8 U.S.C. § 1226(c)(1)(A) provides for the mandatory detention of a noncitizen aliens who is "inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." *See Nielsen v. Preap*, 586 U.S. 392, 408 (2019) (observing that aliens arrested under 8 U.S.C. § 1226(c) "must be detained without a bond hearing until the question of their removal is resolved"). Section 1182(a)(2), provides,

> any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of--
> **(I)** a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime, or
> **(II)** a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21),
> is inadmissible.

8 U.S.C.A. § 1182. Respondents argue that petitioner's 2022 conviction for violation of California Penal Code section 245(a)(4) constitutes a crime of moral turpitude within the meaning of 8 U.S.C. § 1182(a)(I). ECF No. 9 at 3. The BIA has held a conviction under this statutory section satisfies 8 U.S.C. § 1182(a)(I), *Matter of Wu*, 27 I. & N. Dec. 8 (BIA 2017), and

the Court of Appeals has held that this determination is reasonable, so as to warrant deference. *Safaryan v. Barr*, 975 F.3d 976, 983 & n.3 (9th Cir. 2020).  Here, petitioner does not dispute that he is lawfully detained pursuant to 8 U.S.C. § 1226(c)(1)(A) due to his conviction for violation of California Penal Code § 245(a)(4).[1]  *See* ECF No. 12; *see generally* 28 U.S.C. § 2248.

The Supreme Court has upheld 8 U.S.C. § 1226(c), including its provision for mandatory detention of some noncitizen aliens, as facially non-violative of the Due Process Clause. *Demore v. Kim*, 538 U.S. 510 (2003).  Petitioner argues, however, that his due process rights have been violated by the length of his detention without a bond hearing, i.e., that the statute, as it has been applied to him, violates his rights to due process under the Fifth Amendment.  ECF No. 12 at 2.

There is some authority for petitioner's position that, as a matter of law, there is a temporal point at which a detention without a bond hearing under section 1226(c) becomes so lengthy as to violate the detainee's right to due process.  In *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court rejected the argument that detention under § 1226(c) contained an "an implicit 6-month time limit on the length of mandatory detention," as a matter of statutory construction and constitutional avoidance.  *Jennings*, 583 U.S. at 304 (citing *Demore*, 538 U.S. at 529).  Subsequently, however, the Court acknowledged that § 1226(c), as applied, might violate the due process rights of the detainee.  *Nielsen v. Preap*, 586 U.S. 392, 420 (2019).  Since then, the Court of Appeals has also recognized the possibility that detention under § 1226(c) may violate the detainee's due process rights absent a bond hearing.  *See Martinez v. Clark*, 36 F.4th 1219, 1223 (9th Cir. 2022) ("Whether due process requires a bond hearing for aliens detained under § 1226(c) is not before us today. And we take no position on that question."), *vacated and remanded on other grounds*, 144 S. Ct. 1339 (2024); *Avilez v. Garland*, 69 F.4th 525, 538 (9th Cir. 2023) (declining to reach question of whether due process required a bond hearing for noncitizen detained under § 1226(c) and remanding to district court for consideration of due process claim).  Several district courts have held that detentions lasting over six months under §

---

[1] Consequently, the court does not consider respondents' alternative argument that petitioner's detention is authorized under 8 U.S.C. § 1225(b)(2).  *See* ECF No. 9 at 3.

1226(c) may violate detainees' rights to due process, if the detainee does not have an opportunity to seek release during that period. *See*, *e.g.*, *Gonzalez Esquivel v. Chestnut*, No. 1:25-CV-01353-SKO (HC), 2026 WL 145887, at *6 (E.D. Cal. Jan. 20, 2026), *report and recommendation adopted sub nom. Esquivel v. Chestnut* (E.D. Cal. Jan. 27, 2026) (detention of 10 months without a bond hearing violates due process); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) (collecting cases finding that detentions under § 1226(c) of one year or less, without aa bond hearing, violated detainee's procedural due process rights); *Lopez v. Napolitano*, No. 1:12-CV-01750 MJS HC, 2014 WL 1091336, at *4 (E.D. Cal. Mar. 18, 2014) (detention of 26 months violates due process absent a bail hearing); *J.P. v. Garland*, 685 F. Supp. 3d 943, 949 (N.D. Cal. 2023) (same, where petitioner had been detained 21 months); *Makaj v. Crowther*, No. CV 07-0342-PHX-JAT, 2007 WL 3224539, at *6 (D. Ariz. Oct. 29, 2007) (same, where petitioner's detention lasted over 14 months).

The court finds these cases persuasive. The Supreme Court in *Jennings*, 583 U.S. at 304, and *Demore*, 538 U.S. at 529, observed that § 1226(c) limited detention to "'a definite termination point': the conclusion of removal proceedings." *Jennings*, 583 U.S. at 304. On this basis, the Court distinguished detention under § 1226(c) from that authorized under 8 U.S.C. § 1231(a)(6), reasoning that the due process concerns for the former were less pressing given that § 1226(c) detention had an intrinsic termination point. *Id*.; *Demore*, 538 U.S. at 529. At the time the Court made this observation, however,—now, twenty-three years ago—the Court had relied on data demonstrating that "in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days" and "[i]n the remaining 15% of cases, in which the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals, appeal takes an average of four months, with a median time that is slightly shorter." *Demore*, 538 U.S. at 529; *see Jennings*, 583 U.S. at 304 (relying on same). Here, the uncontested record is that petitioner has waited orders of magnitude longer for resolution of his removal proceedings, with no end in apparent sight. Given this reality, the Court's sanguinity that the rapidity of removal proceedings would obviate due process concerns from the length of detention cannot be dispositive when applied to the

particular facts of petitioner's case.  Neither *Demore*, 538 U.S. 510, nor *Jennings*, 583 U.S. 281, therefore, foreclose petitioner's current due process claim.

Within this context, petitioner has succeeded in showing that his 24-month detention without a bond hearing has violated his rights to procedural due process under the Fifth Amendment.  The first *Mathews* factor requires the court to consider petitioner's private interest impacted by respondents' action; here, that interest is considerable.  An individual has a strong private interest in remaining free from government imprisonment.  *Zadvydas*, 533 U.S. at 690; *Rodriguez v. Marin*, 909 F.3d 252, 256-57 (9th Cir. 2018); *J.P. v. Garland*, 685 F. Supp. 3d 943, 946-48 (N.D. Cal. 2023); *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 776 (N.D. Cal. 2019).  To some extent, this interest is reduced by the fact that, during petitioner's detention, he has contributed to the delay in his removal proceedings by seeking extensions of time.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022).  Nonetheless, the evidentiary materials submitted by respondents indicate that petitioner's counsel only requested two months' worth of continuances over the course of petitioner's twenty-four months of detention and the basis for these requests were petitioner's counsel's representations that respondents had failed to respond timely to counsel's requests for records and to his requests to schedule client meetings with petitioner.  ECF 9, Ex. 4.  In light of this particular record, therefore, very little of the delay petitioner has experienced in his removal proceedings appears attributable to him, so as to suggest he possesses a diminished interest in his liberty.  This factor, therefore, weighs in petitioner's favor.  *See J.P.*, 685 F. Supp. 3d at 946-48.

The second *Mathews* factor also weighs in favor of provision of a bond hearing.  Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable.  Petitioner's detention is only justified if he poses a flight risk or a danger to the community.  *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690; *J.P.*, 685 F. Supp. 3d at 948.  Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great.  *See Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL

3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Labrador-Prato v. Noem,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5 (E.D. Cal. Dec. 2, 2025) ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before an Immigration Judge empowered to set bond, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same.  Petitioner has thereby shown by a preponderance of evidence that his detention violates his procedural due process rights under the Fifth Amendment, entitling him to habeas corpus relief.  The court recommends that respondents be ordered to provide petitioner a bond hearing within seven days, before an Immigration Judge, at which bond must be set unless respondents demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk.  *See* ECF No. 1 at 17; ECF No. 12 at 7; *see generally Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343, at *9 (E.D. Cal. July 25, 2025).

////

////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

(1) The petition for writ of habeas corpus filed by petitioner HARMANDER GILL, A-206-468-361, (ECF No. 1) be GRANTED; and

(2) Respondents be ORDERED to provide petitioner a bond hearing within seven days of the date of the court's order, before an Immigration Judge, at which bond must be set unless respondents demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 3, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE